Case 4:15-cv-00416-O   Document 24   Filed 12/08/16   Page 1 of 5   PageID 392

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TRACEY DUKE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-CV-416-O |
| | § | |
| LORIE DAVIS, Director,[1] | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Tracey Duke, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

## I. BACKGROUND

Petitioner is serving three life sentences on his convictions for capital murder and aggravated robbery with a deadly weapon out of the Criminal District Court Number Two of Tarrant County, Texas, stemming from the robbery of a Steak and Ale restaurant in 1989. Based on the state court records and the affidavit of Charley Valdez, a program supervisor III for the Classification and Records Department of TDCJ, the state sets forth the factual and procedural background of the case as follows:

---

[1] Effective May 4, 2016, Lorie Davis replaced Williams Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

Duke originally pled guilty to murder in cause number 0387846A, attempt to commit capital murder in cause number 0389260A, and attempt to commit capital murder in cause number 0389263A and was sentenced to three consecutive life sentences on August 26, 1991. Duke filed a state application for writ of habeas corpus challenging the validity of the cumulation orders. On September 11, 1996, the Court of Criminal Appeals issued an opinion, vacating these convictions. On September 27, 1999, a jury found Duke guilty of capital murder and assessed punishment at life imprisonment in cause number 0387846A. On October 20, 1999, Duke pled guilty to aggravated robbery in cause number 0740317D and was sentenced to life imprisonment to run consecutively to his sentence for capital murder in cause number 0387846A. And on October 20, 1999, Duke pled guilty to attempted capital murder in cause number 0389263A and was sentenced to life in prison to run consecutively to his sentence for murder in cause number 0387846A and to run concurrently with his sentence for aggravated robbery in cause number 0740317D. Duke's sentence in cause number 0389260A was dismissed on October 25, 1999.

Duke did not appeal his convictions, however, he challenged the cumulation of his sentences by filing state applications for writ of habeas corpus on October 8, 2014. Duke's state writs were denied without written order based on the findings of the trial court without a hearing on December 10, 2014. On May 7, 2015, Duke placed his federal writ petition in the prison mail.

Resp't's Answer 2-4, ECF No. 18 (record references omitted).[2]

## II. ISSUES

In two grounds for relief, petitioner claims the improper cumulation order violates his rights under the due process and ex post facto clauses of the state and federal constitutions. Pet. 6, ECF No. 1.

## III. DISCUSSION

Respondent asserts the petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), effective April 24, 1996. Resp't's Answer 5-8, ECF No. 18. The Act

---

[2]Petitioner's state applications and federal petition for habeas relief are deemed filed when placed in the prison mail system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013); *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner's state habeas applications do not reflect the date the documents were placed in the prison mail system but reflect that Petitioner signed the documents on October 8, 1014. For purposes of this opinion, the applications are deemed filed on that date.

imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Title 28, United States Code, § 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Respondent asserts that subsection (D) is applicable to this case. Under that provision, the limitations period commences on the date on which a petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claims. According to Respondent, Petitioner's claims regarding the cumulation order were known to him on October 20, 1999, the date he signed the written plea admonishments expressly stating the state's plea bargain recommendation and the

3

trial court entered its "Cumulative Sentencing Order."[3] State Habeas R. 41, 44, ECF No. 13-13. Thus, it was necessary for Petitioner to raise his claims in a federal petition filed on or before October 20, 2000, subject to statutory or equitable tolling.

Assuming Respondent's argument to be correct,[4] Petitioner's state habeas applications, filed long after the limitations period had already expired, did not operate to toll limitations under the statutory provision in § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner alleged or demonstrated circumstances warranting tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or, inapplicable to this case, he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner bears the burden of establishing entitlement to equitable tolling. *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000). Citing in support *Ex parte La Porte,* 840 S.W.2d 412 (Tex. Crim. App. 1992), and *Levy v. State,* 818 S.W.2d 801 (Tex. Crim. App. 1991), Petitioner alleges that equitable tolling should apply because sentencing error can be challenged at any time and because "he should have the benefit of a single criminal action and concurrent sentencing because he was orginally tried in [a] single criminal action and 'Levy'

---

[3]The written plea bargain recommendation by the state was stated as follows:

    A life sentence concurrent with cause # 0740317D, but consecutive to cause # 0387846A. This sentence begins when # 0387846A ceases. Waive appeal in cause # 03878746A.

*Id.* at 41.

[4]Arguably, subsection (A) is equally applicable, if not more so. Nevertheless, because application of subsection (A), instead of (D), would not change the result, the issue is not addressed.

provide's that the offender can not be deprived of that benifit." Pet'r's Rebuttal 4, ECF No. 22 (spelling errors are in the original). However, these cases deal with claims in state, rather than federal court. Petitioner presents no applicable legal argument in favor of equitable tolling or evidence that he was prevented in some extraordinary way from asserting his rights in federal court. His extreme delay further mitigates against equitable tolling. Equity is not intended for those who sleep on their rights. *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied,* 531 U.S. 1164 (2001) (quoting *Covey v. Arkansas River Co.,* 865 F.2d 660, 662 (5th Cir. 1989)).

Accordingly, Petitioner's federal petition was due on or before October 20, 2000. His petition filed on May 7, 2015, is therefore untimely.

## IV.  CONCLUSION

For the reasons discussed herein, Petitioner's § 2254 petition should be DISMISSED as time-barred. A certificate of appealability is DENIED.

**SO ORDERED** on this 8th day of December, 2016.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

5